United States District Court
Southern District Of Texas

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Marie Neba,<br><br>        Defendant. | Case No. 4:15-cr-00591-2 |

## Expedited Motion[1] for Issuance of Rule 17(c) Subpoena

Defendant, Marie Neba ("Neba"), by and through undersigned counsel, respectfully moves for the issuance of the attached Rule 17(c) subpoena. The Court may authorize the issuance of a subpoena in relation to a "post-trial motion,"[2] like Neba's motion for compassionate release. *See e.g., United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981); *see also United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010); *Kent v. United of Omaha Life Ins. Co.*, 430 F. Supp. 2d 946, 950 (D. S.D. 2006).

Neba must show four things for the subpoena to issue: (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance

---

[1] AUSA Catherine Wagner has represented that the Government does not take any position on the merits of this motion.

[2] While Neba did not proceed to trial, the Court should not view this distinction as material to whether the requested subpoena should issue.

inspection; and (4) that the application is made in good faith and is not simply intended as a general "fishing expedition." *Winner*, 641 F.2d at 833.

It is Neba's burden to demonstrate her entitlement to compassionate release, as the Government notes in its response to Neba's motion. (ECF No. 314 at 1, 13). Moreover, as applied to the potential impact of COVID-19 on Neba, she agrees with the Government that she must demonstrate the potential for harm as applied to her. However, doing so is difficult without the ability to obtain records from the Bureau of Prisons.

Much has changed within the BOP since the Government filed its response to Neba's motion for compassionate release on July 11, 2020. As of April 6, 2020, for example, the BOP is now reporting some 195 confirmed inmate cases of the virus, and eight inmate deaths.[3]

## COVID-19 Cases

As of 04/06/2020, there are **195 federal inmates** and **63 BOP staff** who have tested positive for COVID-19 nationwide. There have been **8** federal inmate deaths and **0** BOP staff member deaths attributed to COVID-19 disease.

---

[3] https://www.bop.gov/coronavirus/ (last accessed April 7, 2020).

| Inmates Positive ▼ | Staff Positive | Inmate Deaths | Staff Deaths | Facility | City | State |
|---|---|---|---|---|---|---|
| 39 | 0 | 0 | 0 | Butner Medium I FCI | Butner | NC |
| 23 | 5 | 0 | 0 | Lompoc USP | Lompoc | CA |
| 22 | 7 | 0 | 0 | Danbury FCI | Danbury | CT |
| 22 | 4 | 5 | 0 | Oakdale I FCI | Oakdale | LA |
| 14 | 0 | 0 | 0 | Butner Low FCI | Butner | NC |
| 14 | 0 | 0 | 0 | Yazoo City USP | Yazoo City | MS |
| 10 | 3 | 0 | 0 | Atlanta USP | Atlanta | GA |
| 9 | 2 | 0 | 0 | Forrest City Low FCI | Forrest City | AR |
| 8 | 1 | 3 | 0 | Elkton FCI | Lisbon | OH |
| 6 | 1 | 0 | 0 | Yazoo City Medium FCI | Yazoo City | MS |
| 4 | 0 | 0 | 0 | CORE Services Group, Inc. (RRC) | Brooklyn | NY |
| 4 | 6 | 0 | 0 | New York MCC | New York | NY |
| 3 | 1 | 0 | 0 | Milan FCI | Milan | MI |
| 2 | 6 | 0 | 0 | Brooklyn MDC | Brooklyn | NY |
| 2 | 2 | 0 | 0 | Forrest City Medium FCI | Forrest City | AR |
| 2 | 2 | 0 | 0 | Yazoo City Low FCI | Yazoo City | MS |
| 1 | 0 | 0 | 0 | Behavioral Systems Southwest, Inc. (RRC) | Phoenix | AZ |
| 1 | 0 | 0 | 0 | Bennettsville FCI | Bennettsville | SC |
| 1 | 0 | 0 | 0 | Bennettsville FCI | Bennettsville | SC |
| 1 | 1 | 0 | 0 | Butner FMC | Butner | NC |
| 1 | 1 | 0 | 0 | Canaan USP | Waymart | PA |
| 1 | 0 | 0 | 0 | Carswell FMC | Fort Worth | TX |
| 1 | 0 | 0 | 0 | Central Territorial of the Salvation Army; DBA Salvation Army Correctional Ser (RRC) | Chicago | IL |
| 1 | 0 | 0 | 0 | Community Solutions, Inc. (RRC) | Wilmington | DE |
| 1 | 0 | 0 | 0 | Cumberland FCI | Cumberland | MD |
| 1 | 0 | 0 | 0 | Dismas House of St. Louis (RRC) | Saint Louis | MO |
| 1 | 3 | 0 | 0 | Otisville FCI | Otisville | NY |
| 1 | 0 | 0 | 0 | Volunteers of America (RRC) | Metairie | LA |

One of the confirmed cases is at FMC Carswell where Neba is incarcerated.

Congress just days ago found that the BOP is not equipped with appropriate virus testing kits or sufficient personal protective equipment:

(1) PERSONAL PROTECTIVE EQUIPMENT AND TEST KITS.—

(A) FINDINGS.—Congress finds the following:

(i) There is an urgent need for personal protective equipment and test kits to the Bureau based on the density of the inmate population, the high traffic, the high volume of inmates, the high rate of turnover of inmates and personnel, and the number of high-security areas, within the facilities of the Bureau.

(ii) The inability of the Bureau to secure the purchase of infectious disease personal protective equipment and related supplies now and in the future is a vulnerability.

(iii) The Bureau is currently competing in and engaging the same landscape of vendors as all other Federal agencies and private entities.

(iv) The ability of the Bureau to purchase needed equipment and supplies is currently subject to an individual manufacturer's specific recognition of the Bureau as a priority and subsequent allocation of the inventory of the manufacturer to the Bureau.

*Coronavirus Aid, Relief, and Economic Security Act,* 116 P.L. 136 (2020). And because of the strong potential for BOP facilities to become "petri dishes,"[4] the Attorney General recently issued a directive to the BOP that at-risk prisoners, like Neba, be considered for placement on home confinement. *See* Attachment A.

This Court undoubtedly wanted to punish Neba for her conduct through the sentence it imposed. But it never intended that its sentence become a death

---

[4] https://www.npr.org/sections/coronavirus-live-updates/2020/03/26/822016191/barr-federal-prisons-mustnt-become-petri-dishes-for-coronavirus

sentence. Accordingly, consistent with the *Winner* factors, Neba seeks the issuance of the attached subpoena which compels the production of the following records from the Warden at FMC Carswell:

- All records reflecting how, as applied to Neba, the institution enables Neba to maintain appropriate social distancing from other inmates while remaining in general population at the institution.

- Records reflecting the total number of COVID-19 tests performed at FMC Carswell on inmates and staff to date, broken down by inmate housing unit.

- Records reflecting the number of inmates, since March 17, 2020, that have reported symptoms of fever, cough or shortness of breath and whether any such inmates have been tested for COVID-19.

- Records reflecting how, as applied to Neba, the institution prevents the spread of COVID-19 notwithstanding the use of shared toilets, showers, and eating environments; and limits on hygiene and personal protective equipment.

- Records reflecting whether hand sanitizer or hand soap dispensers are made available to Neba and other inmates in Neba's housing unit.

- Records reflecting whether Neba and other inmates in her housing unit are required to use communal bar hand soap for hand washing.

- Records reflecting whether Neba and other inmates in her housing unit undergo daily temperature checks.

- Records reflecting the number of working showers and toilets in Neba's housing unit.

- Records reflecting whether Neba and other inmates in her housing unit are issued face masks and if so, what type of masks are issued and how often those masks are replaced.

- Records reflecting whether Neba and other inmates in her housing unit are issued disposable gloves, and if so, how often gloves are replaced.

- Records reflecting whether staff at the institution wear masks and gloves while working around Neba and other inmates in Neba's housing unit, along with how often these gloves and masks are changed by institution staff.

The above requested records are "evidentiary and relevant" because they bear directly on Neba's particular susceptibility and exposure to COVID-19 within her institution. *Winner*, 641 F.2d at 833.

Second, these records are in the possession of the BOP and therefore not obtainable by Neba through other means. *Id.*

Third, Neba cannot—as the Government itself argued in its response to Neba's compassionate release motion—properly carry her burden to demonstrate extraordinary and compelling reasons for a reduction in sentence without proper

evidentiary support. *Id.* Contemporaneous with this motion Neba intends to move for leave to supplement her motion with materials produced in response to this subpoena so she may properly carry her evidentiary burden. Fourth, the application is made in good faith and not simply a fishing expedition. BOP, according to its own data, demonstrates that the virus is quickly spreading in its institutions. Neba asserts that the requested records, if produced, will help demonstrate the BOP"s lack of adequate response to COVID-19, as applied to her, and therefore her increased risk of exposure and possible death. Neba does not need to wait until she has contracted COVID-19 to demonstrate an entitlement to obtain records that support her request for release.[5]

      Wherefore, premises considered, the Court should grant this expedited motion for issuance of Rule 17(c) subpoena.

Respectfully submitted,

/s/ Zachary L. Newland
Zachary L. Newland
Senior Litigation Counsel
**Brandon Sample PLC**
P.O. Box 250
Rutland, Vermont 05702
Phone: (802) 444-4357
Fax:    (802) 779-9590
Email: zach@brandonsample.com

---

[5]     The ACLU has filed a class action lawsuit against BOP officials at Oakdale, Louisiana seeking the release of vulnerable inmates based on potential for exposure to COVID-19. Some of the allegations in that lawsuit, if true, are quite disturbing. Neba expects the records she seeks will corroborate many of the same kinds of allegations at issue in the class action case—but as applied to Neba at her particular institution.
https://www.laaclu.org/sites/default/files/field_documents/4.6.20_livas_v._myers_et_al._complaint_filed_copy.pdf

Texas Bar: 24088967
https://brandonsample.com

*Counsel for Marie Neba*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with lead counsel for the United States in this matter prior to filing this motion. Counsel for the United States indicated that the United States is takes no position on the Court granting the relief sought in by this motion.

/s/ Zachary L. Newland
Zachary L. Newland

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 7th day of April 2020, via CM/ECF on all counsel of record.

/s/ Zachary L. Newland
Zachary L. Newland