# EXHIBIT H

**UNITED STATES' OPPOSITION TO PETITIONER MARIE NEBA'S MOTION FOR EVIDENTIARY HEARING**
April 13, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 5:16-CR-1448 |
| | § | |
| SEAN SALIM LALLA | § | |

## ORDER

Before the Court is Defendant's Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 102). In August 2018, Defendant pled guilty to conspiracy to possess with intent to distribute over 100 kilograms of marijuana and was sentenced to 108 months in prison (Dkt. No. 91). He is currently an inmate at the minimal-security satellite camp at FCI Oakdale II, in Oakdale, Louisiana (*id.* at 4).[1] Defendant is 47 years old and suffers from diabetes (*id.* at 2).

In his motion, Defendant argues that he is at high risk from COVID-19 because of his diabetes and the spread of the virus at the Oakdale facility. He urges the Court, therefore, to excuse his failure to exhaust administrative remedies, commute the balance of his sentence, and grant immediate release under § 3582(c)(1)(A) (Dkt. Nos. 102, 106). After careful consideration, the Court finds that the requested relief is not appropriate.

At the outset, Defendant has failed to exhaust his administrative remedies. A defendant who seeks compassionate release must present an application to the Bureau of Prisons (BOP) and then either (1) administratively appeal an adverse decision or (2) wait 30 days without a decision, before he may seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Defendant presented his application to the BOP on April 2 but has not received a decision or

---

[1] FCI Oakdale includes two principal low-security prisons and an adjacent minimal-security satellite camp (Dkt. Nos. 102 at 2 n.1, 105 at 2).

waited 30 days (Dkt. No. 105 at 2).  Because Defendant has not satisfied the exhaustion requirement, the Court lacks authority to grant relief.  *See*, *e.g.*, *United States v. Williams*, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *1 (N.D. Cal. Mar. 25, 2020).[2]

The Court also finds that Defendant has not shown "extraordinary and compelling" reasons for a sentence reduction, as required by § 3582(c)(1)(A)(i).  While FCI Oakdale has seen an alarming number of COVID-19 cases, the Attorney General has invoked his authority under the CARES Act[3] to expand the cohort of federal inmates eligible for transfer to home confinement.  The BOP, accordingly, has "begun immediately reviewing all inmates who have COVID-19 risk factors … starting with the inmates incarcerated at FCI Oakdale" and select other facilities.[4]  Given the priority afforded to inmates at FCI Oakdale, Defendant has not demonstrated an extraordinary and compelling need for individual relief in this case.  Rather, the Court prefers to let the BOP address COVID-19's impact on the Oakdale facility in a comprehensive and systematic fashion.

For the foregoing reasons, Defendant's motion (Dkt. No. 102) is **DENIED.**

It is so **ORDERED**.

**SIGNED** April 6, 2020.

_____
Marina Garcia Marmolejo
United States District Judge

---

[2] In cases where fewer than 30 days remain on a Defendant's sentence, some courts have excused a failure to exhaust.  *See*, *e.g.*, *United States v. Perez*, 17 Cr. 513-3 (AT), 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020) (three weeks remaining).  With six years remaining on his own sentence, Defendant does not qualify for such a waiver.

[3] Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2) (2020).

[4] Bureau of Prisons, *Update on COVID-19 and Home Confinement* (Apr. 5, 2020), available at https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp.